IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERNON T. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-4413 |
| | ) | |
| ASSOCIATION OF FLIGHT ATTENDANTS, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vernon Jones filed a *pro se* an amended complaint against Defendant Association of Flight Attendants ("AFA"), the labor organization that represented him during his employment with United Airlines. Before the Court is Defendant's motion [28] to dismiss for failure to state a claim. For the reasons stated below, the motion [28] is granted.

**I.     Background**

On April 19, 2011, Jones filed a charge of discrimination with the EEOC. In the charge, he indicated that AFA had engaged in race discrimination and retaliation. In support of these charges, Jones alleged the following:

> I began employment in the bargaining unit in May, 1995. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, racial slurs, scrutiny, and discharge. I complained to Respondent to no avail.
>
> I believe that I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[22 at 7.]  The EEOC subsequently issued a right-to-sue letter. [22 at 8.]

In federal court, Jones filed an original complaint but later agreed to provide a more definite statement in the form of an amended complaint. [See 16.] In the amended complaint,

1

Jones alleges that AFA discriminated against him beginning on or about August 19, 2010, because of his national origin (described as "American citizen working in Japan") and because of his race, in violation of Title VII and 42 U.S.C. § 1981. [22 at ¶¶ 6, 9.]

Specifically, Jones claims that AFA "conspired' with United in: 1) terminating Jones's employment for a "safety/work manual violation"; 2) failing to promote Jones to "purser" in 2009 and 2010; 3) failing to stop harassment by "den[ying] health/dental insurance" in 2007 and 2008 and by "not issu[ing] safety/work manual update/revision" in 2010; 4) retaliating against Jones for "complain[ing] about discrimination"; and 5) "trying to cover up" a passenger's "felony hate crime/air rage" against Jones on August 18, 2010 (described as "Flight 881"). [22 at ¶ 12.] Jones further alleges that AFA failed to report to the Federal Aviation Administration ("FAA") United's misconduct in confiscating Jones's work manual and in ordering him off an aircraft during an investigation of flight 881. [22 at ¶ 13.]

Jones asks the Court, among other things, to require AFA to fairly represent him, to lobby United to re-employ and promote him, to provide him with information about Flight 881, and to provide the FAA with information about United's failure to distribute work manual revisions. [22 at ¶ 16.] AFA moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given " 'fair notice of what the * * * claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,

1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the " 'speculative level.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.

The Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Moreover, in reviewing a *pro se* complaint, the Court employs standards less stringent than if the complaint had been drafted by counsel. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995).

### III. Analysis

Jones's amended complaint alleges national origin discrimination, race discrimination, and retaliation under Title VII and § 1981. The allegations revolve around the Flight 881 "felony hate crime/air rage" against Jones.[1] The Court addresses each claim in turn.

#### A. National Origin Discrimination

Jones alleges that AFA discriminated against him on the basis of his national origin, which he describes as "American citizen working in Japan." In his EEOC charge, Jones did not check the box for national origin or in any way indicate that he had been subjected to discrimination on this basis. Nor has Jones explained how the national origin claim in his amended complaint is "like or reasonably related to" the race claim in his EEOC charge. *Cheek*

---

[1] Jones's allegations concerning his failed promotion to purser and his denial of health/dental insurance are wholly conclusory and insufficiently pleaded. In addition, these events took place prior to the dates of discrimination alleged in the amended complaint. [See 22 at ¶ 6.]

3

*v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Accordingly, the national origin discrimination claim is dismissed.

      **B.**      **Race Discrimination**

Jones also alleges that AFA discriminated against him on the basis of his race. To establish a Title VII claim against a labor union, a plaintiff must show that: 1) the employer violated its collective bargaining agreement with the union; 2) the union breached its own duty of fair representation by letting the violation go unrepaired; and 3) animus motivated the union's actions. *Greenslade v. Chi. Sun-Times, Inc.*, 112 F.3d 853, 866 (7th Cir. 1997). Here, Jones alleges that AFA failed to tell the FAA about United's misconduct regarding Flight 881. But absent from the amended complaint are facts allowing an inference that United's misconduct violated its collective bargaining agreement with AFA, that AFA had a duty to report United's misconduct to the FAA, or that AFA's inaction was racially motivated. For example, Jones does not allege that AFA treated similarly situated Caucasian employees differently. Simply put, Jones's allegations are insufficient to state a Title VII claim against a labor union.

These deficiencies foreclose Jones's § 1981 claims as well. See *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) ("To sufficiently state a cause of action [under § 1981] the plaintiff must allege some facts that demonstrate that his race was the reason for the defendant's [actions]."). Nor has Jones alleged that "the collective bargaining agreement contains an express clause binding both [United] and [AFA] not to discriminate on racial grounds," or that "[AFA] intentionally avoids asserting discrimination-based claims." *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 312 (7th Cir. 1996) (internal quotation omitted). Accordingly, the race discrimination claims are dismissed.

### C. Retaliation

Jones finally alleges that AFA retaliated against him for "complain[ing] about discrimination." The Seventh Circuit has confirmed that "a plaintiff * * * alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *Concentra Health Servs.*, 496 F.3d at 781. Here, Jones does not provide a description of his complaints; it is unclear to whom they were made, at what time, and what he said. Presumably, Jones complained to United and/or AFA about flight 881. Regardless, Jones still fails to allege facts supporting an inference that AFA took any action because of Jones's complaints. See *Greenslade*, 112 F.3d at 866 (requiring Title VII plaintiff to show animus motivated union's actions). Accordingly, the retaliation claim is dismissed.

### IV. Conclusion

For these reasons, Defendant's motion to dismiss [28] is granted. Given Plaintiff's *pro se* status, the Court gives him 21 days in which to file a second amended complaint if he feels that he can cure any of the deficiencies identified above. To repeat, the second amended complaint, if filed, must stand on its own, without reference to the previous complaints.

Dated: August 16, 2012

Robert M. Dow, Jr.
United States District Judge